IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAXI AÉREO DE VERACRUZ S.A. DE C.V., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 4:08-cv-03752 |
| HONEYWELL INTERNATIONAL, INC., | § § § | |
| Defendant. | § § | |

## ANSWER OF DEFENDANT HONEYWELL INTERNATIONAL INC.

Defendant Honeywell International Inc. ("Honeywell"), answers Plaintiff's Amended Original Petition ("Petition") as follows:

### I.   ANSWER

Each numbered paragraph of this Answer contains the answer of Honeywell to the paragraph of Plaintiff's Petition with the same number. Honeywell denies all allegations of Plaintiff's Petition, except those specifically admitted in this Answer.

1. The allegations in paragraph 1 state a legal conclusion and therefore no answer is required.

2. Honeywell has insufficient information to admit or deny the allegations in paragraph 2 and therefore denies them.

3. Honeywell has insufficient information to admit or deny the allegations in paragraph 3 and therefore denies them.

4. Defendant admits the allegations in paragraph 4.

5. The allegations of paragraph 5 are a statement of plaintiff's intent rather than allegations of fact, and therefore no response is required.

6. The allegations in paragraph 6 state a legal conclusion and therefore no response is required. Further, Honeywell does not dispute that the United States District Court for the Southern District of Texas, Houston Division, has jurisdiction in this action.

7. The allegations in paragraph 7 state a legal conclusion and therefore no response is required. Further, Honeywell does not dispute that venue is proper in the United States District Court for the Southern District of Texas, Houston Division.

8. Honeywell admits that a predecessor company of Honeywell designed and manufactured the identified TFE 731-3-1C engine, excluding component parts that were designed or manufactured by others. Honeywell has insufficient information to admit or deny the remaining allegations in paragraph 8 and therefore denies them.

9. Honeywell has insufficient information to admit or deny the allegations in paragraph 9 and therefore denies them.

10. Honeywell admits that it issued Service Bulletin 72-3705 applicable to model TFE 731-3-1C engines. Service Bulletin 72-3705 and Advisory Directive 2005-05-15 speak for themselves. Honeywell has insufficient information to admit or deny the remaining allegations in paragraph 10 and therefore denies them.

11. Honeywell has insufficient information to admit or deny the allegations in paragraph 11 and therefore denies them.

12. Honeywell has insufficient information to admit or deny the allegations in paragraph 12 and therefore denies them.

13. Honeywell has insufficient information to admit or deny the allegations in paragraph 13 and therefore denies them.

14. Honeywell denies that plaintiff had no responsibility for the alleged damage referenced in paragraph 14. Honeywell has insufficient information to admit or deny the remaining allegations in paragraph 14 and therefore denies them.

15.     Honeywell denies that plaintiff had no responsibility for the alleged damage referenced in paragraph 15. Honeywell has insufficient information to admit or deny the remaining allegations in paragraph 15 and therefore denies them.

16.     Honeywell has insufficient information to admit or deny the allegations in paragraph 16 and therefore denies them.

### Cause of Action for Breach of Contract

17.     Honeywell incorporates its responses to paragraphs 1 through 16 by reference as though fully set forth herein.

18.     The allegations in paragraph 18 are directed solely to defendant Garrett Aviation Services, LLC and therefore no response is required of Honeywell. To the extent a response is required, Honeywell has insufficient information to admit or deny the allegations in paragraph 18 and therefore denies them.

### Cause of Action for Breach of Express Warranty for Services

19.     Honeywell incorporates its responses to paragraphs 1 through 18 as though fully set forth herein.

20.     The allegations in paragraph 20 are directed solely to defendant Garrett Aviation Services, LLC and therefore no response is required of Honeywell. To the extent a response is required, Honeywell has insufficient information to admit or deny the allegations in paragraph 20 and therefore denies them.

### Cause of Action for Breach of Implied Warranty for Services

21.     Honeywell incorporates its responses to paragraphs 1 through 20 as though fully set forth herein.

22.     The allegations in paragraph 22 are directed solely to defendant Garrett Aviation Services, LLC and therefore no response is required of Honeywell. To the extent a response is required, Honeywell has insufficient information to admit or deny the allegations in paragraph 22 and therefore denies them.

Cause of Action for Breach of Express Warranty for Goods

23. Honeywell incorporates its responses to paragraphs 1 through 22 as though fully set forth herein.

24. Honeywell has insufficient information at this time to admit or deny the allegation that the turbine blades in the subject aircraft's number 2 engine were manufactured by Honeywell and the further allegation that Honeywell issued the specified FAA Form 8130-3. Honeywell denies the remaining allegations in paragraph 24. By way of further answer, to the extent paragraph 24 states legal conclusions, no response is required.

Cause of Action for Breach of Implied Warranty of Merchantability

25. Honeywell incorporates its responses to paragraphs 1 through 24 as though fully set forth herein.

26. Honeywell has insufficient information at this time to admit or deny the allegation that the turbine blades in the subject aircraft's number 2 engine were manufactured by Honeywell. Honeywell denies the remaining allegations in paragraph 26. By way of further answer, to the extent paragraph 26 states legal conclusions, no response is required.

Cause of Action for Breach of Implied Warranty for a Particular Purpose

27. Honeywell incorporates its responses to paragraphs 1 through 26 as though fully set forth herein.

28. Honeywell admits that turbine blades play a role in the operation of the turbine engines of aircraft such as the subject aircraft. Honeywell has insufficient information at this time to admit or deny the allegation that the turbine blades in the subject aircraft's number 2 engine were manufactured by Honeywell. Honeywell denies the remaining allegations in paragraph 28. By way of further answer, to the extent paragraph 28 states legal conclusions no response is required.

Cause of Action for Violation of the Texas DTPA

29. Honeywell incorporates its responses to paragraphs 1 through 28 as though fully set forth herein.

30. The allegations in paragraph 30 state legal conclusions to which no response is required. Insofar as the allegations pertain to Honeywell, Honeywell denies the remaining allegations in paragraph 30.

## Cause of Action for Strict Products Liability

31. Honeywell incorporates its responses to paragraphs 1 through 30 as though fully set forth herein.

32. Honeywell has insufficient information at this time to admit or deny the allegation that the turbine blades in the subject aircraft's number 2 engine were manufactured by Honeywell. Honeywell denies the remaining allegations in paragraph 32. By way of further answer, to the extent paragraph 32 states legal conclusions no response is required.

## Cause of Action for Bailment

33. Honeywell incorporates its responses to paragraphs 1 through 32 as though fully set forth herein.

34. The allegations in paragraph 34 are directed solely to defendant Garrett Aviation Services, LLC and therefore no response is required of Honeywell. To the extent a response is required, Honeywell has insufficient information to admit or deny the allegations in paragraph 34 and therefore denies them.

## Cause of Action for Conversion

35. Honeywell incorporates its responses to paragraphs 1 through 34 as though fully set forth herein.

36. The allegations in paragraph 36 are directed solely to defendant Garrett Aviation Services, LLC and therefore no response is required of Honeywell. To the extent a response is required, Honeywell has insufficient information to admit or deny the allegations in paragraph 36 and therefore denies them.

## Damages

37. Honeywell denies the allegations in paragraph 37.

Exemplary Damages

38.    Honeywell denies the allegations in paragraph 38.

Attorneys' Fees

39.    Honeywell denies the allegations in paragraph 39.

Interest

40.    Honeywell denies the allegations in paragraph 40.

Plaintiff Requests Jury

41.    Paragraph 41 sets forth plaintiff's jury demand to which no response is required and none is given.

## ADDITIONAL DEFENSES

Honeywell further responds to plaintiff's Petition by alleging the following additional defenses:

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff's damages, if any, were caused or contributed to by plaintiff's own negligence or fault, or by the negligence or fault of persons or entities in privity with it, and plaintiff's recovery, if any, should therefore be barred or diminished in accordance with applicable law.

3.    Plaintiff's entitlement to recover damages is barred or reduced by plaintiff's failure to mitigate its damages.

4.    Plaintiff's claims are barred because the damages complained of were proximately caused by negligent acts or omissions of third persons over whom Honeywell exercised no control and for whose conduct Honeywell bears no responsibility. These acts or omissions intervened between the acts and omissions of Honeywell, if any, and the occurrence of the accident, and were the sole, direct and proximate cause of plaintiff's damages, if any.

5.    Plaintiff's claims are barred because plaintiff's damages, if any, were caused by the alteration or modification of the product or products involved in the subject accident.

6. Plaintiff's claims are barred because plaintiff's damages, if any, were caused by the misuse or abuse and/or the failure to properly repair or maintain the product or products at issue by the plaintiff, including but not limited to the aircraft engine, and such misuse contributed to plaintiff's alleged injuries, for which recovery against should be barred or reduced in accordance with applicable law.

7. Plaintiff's breach of warranty claims are barred because the plaintiff failed to give Honeywell timely notice of the alleged breach and its failure has prejudiced Honeywell.

8. Plaintiff's breach of warranty claims are barred by the expiration of any warranty given.

9. Plaintiff's breach of warranty claims are barred, in whole or in part, by the warranty exclusions and/or remedy limitations applicable to any warranty allegedly provided by Honeywell.

10. The engine and/or component parts involved in the accident conformed to the state of the art at the time of sale and were designed, manufactured, and tested pursuant to generally recognized and prevailing standards and in conformance with the statutes, regulations, and requirements that governed the product or products at the time of design, manufacture, and sale.

11. The plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

12. The plaintiff's claims are barred, in whole or in part, by the applicable statutes of repose.

13. Plaintiff's tort and warranty claims are for economic loss only and therefore fail to state a claim for which relief may be granted.

14. The plaintiffs' claims are barred, in whole or in part, by the General Aviation Revitalization Act of 1994, P.L. 103-298, 108 Stat. 1552, 49 U.S.C. § 40101 note.

WHEREFORE, Honeywell demands judgment in its favor including costs and fees in reimbursement for all attorney's fees or monies of any kind spent in this litigation, and any such further relief as the Court deems just and proper.

Dated:  January 7, 2009

Respectfully submitted,

By: s/ William L. Maynard
**William L. Maynard**
Texas Bar No. 13295500
wmaynard@bmpllp.com

**ATTORNEY-IN-CHARGE
FOR HONEYWELL INTERNATIONAL INC.**

OF COUNSEL:

BEIRNE, MAYNARD & PARSONS, L.L.P.

**David A. Walton**
Texas Bar No. 24042120
dwalton@bmpllp.com
1300 Post Oak Blvd., 25th Floor
Houston, Texas 77056
T: (713) 623-0887
F: (713) 960-1527

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **Answer of Defendant Honeywell International Inc.** has been served on the following parties via electronic notice on this 7th day of January, 2009.

**Jim L. Culpepper**  *Via CM/ECF Notice*
jim@culpepperlaw.com
**L. Andrew Dunham**
andy@culpepperlaw.com
**JIM L. CULPEPPER & ASSOCIATES, P.C.**
9821 Katy Freeway, Suite 110
Houston, Texas  77024-1208

**Counsel for Plaintiff**
**Taxi Aéreo de Veracruz**

                                        s/ David A. Walton
                                        **David A. Walton**